NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3135

JOHN W. ALLEN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

John W. Allen, of Dallas, Texas, pro se.

Michelle A. Windmueller, Appellate Counsel, Office of the General Counsel, United States Postal Service, of Washington, DC, for respondent. With her on the brief were Lori J. Dym, Chief Counsel, and Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3135

JOHN W. ALLEN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752070365-I-1.

_____

DECIDED:  July 14, 2008

_____

Before MICHEL, <u>Chief Judge</u>, and LOURIE and LINN, <u>Circuit Judges</u>.

PER CURIAM.

John W. Allen appeals from the decision of the Merit Systems Protection Board ("Board") affirming the United States Postal Service's (the "agency's") decision to remove Allen from his position as a mail handler.  <u>Allen v. USPS</u>, DA-0752-07-0365-I-1 (M.S.P.B. Dec. 5, 2007) (initial decision dated Aug. 15, 2007).  Because the Board's decision was supported by substantial evidence and in accordance with law, we <u>affirm</u>.

BACKGROUND

Allen began working for the agency on February 9, 1985. At the time of his removal, he was a full-time regular mail handler at the North Texas Processing and Distribution Center in Coppell, Texas. Previously, in an agreement dated July 17, 2006, the agency agreed to reduce a Proposed Notice of Removal dated April 12, 2006 to a fourteen-day suspension in exchange for Allen's agreement to "maintain [ac]ceptable attendance." Because of continued irregular attendance, Allen's supervisor later issued a new Notice of Proposed Removal dated March 29, 2007. The Notice stated that Allen had accrued over 248 hours of unscheduled absences between November 1, 2006 and March 13, 2007. The charge and proposed removal were sustained by a Letter of Decision dated May 4, 2007.

Allen appealed his removal to the Board on May 9, 2007. In an Initial Decision on August 15, 2007, the Administrative Judge ("AJ") found that Allen had not disputed that he had unscheduled absences and only contended that the penalty of removal was inappropriate given that his absences resulted from medical conditions. Allen submitted records of medical appointments relating to a colonoscopy, a prostate cancer diagnosis and other urology appointments, psychotherapy, and treatment for substance abuse. In a footnote, the AJ stated that Allen had not been charged unscheduled leave for some of the dates corresponding to the submitted medical records. Although failing to clearly state what impact the medical submissions had on her decision, the AJ apparently determined that the medical evidence was inadequate to explain the large and sustained number of unscheduled absences documented by the agency. The AJ concluded that the agency had thus met its burden of proof to sustain the charge of

unsatisfactory attendance.  The AJ went on to conclude that the nexus requirement was met, that the deciding official had adequately considered the Douglas factors in deciding on the penalty of removal, and that the penalty did not exceed the bounds of reasonableness.

On December 5, 2007, the full Board denied Allen's petition for review because it found no new, previously unavailable evidence or error of law by the AJ.  See 5 C.F.R. § 1201.115.  The AJ's initial decision thus became the final decision of the Board.  See 5 C.F.R. § 1201.113.  Allen timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Allen argues that the Board failed to consider his discrimination claim and that his absences were due to serious medical conditions.  The agency responds that Allen failed to properly raise a discrimination claim below and, even if he had, this court lacks jurisdiction to hear such a claim.  The agency also argues that Allen failed to present evidence that he had medical appointments or treatments on the days listed in the Notice of Proposed Removal.  The agency adds that the Board did not abuse its discretion in sustaining the removal, given the clear nexus between regular attendance and the efficiency of the agency and the agency's proper consideration of all of the Douglas factors.

The scope of our review in an appeal from a decision of the Board is limited.  We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by

substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

We agree with the agency that Allen does not appear to have raised a discrimination claim before the AJ. The agency is also correct that even if Allen had made such a claim, this court would lack jurisdiction to hear his "mixed" appeal. See Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir.1983).

We also agree with the agency that there is substantial evidence to support the Board's affirmance of the agency's removal decision. Contrary to the agency's argument, some of the documentation offered by Allen does relate to dates included in the Notice of Proposed Removal. Specifically, Allen submitted evidence of an appointment with the Urology Associates of North Texas on November 16, 2006, and treatment at Methodist Health System on December 27, 2006—both of which are dates included in the Notice of Proposed Removal. However, Allen offered no evidence of the extent or severity of his illnesses or their effect upon his ability to do his job and also fails to account for the vast majority of his unscheduled absences. Also, there is a clear nexus between a sustained pattern of unscheduled absences and the efficiency of the agency. The deciding official considered each of the Douglas factors in determining the appropriate penalty, and we cannot say that the penalty of removal amounts to an abuse of discretion under the circumstances.

Because the Board's decision was supported by substantial evidence and in accordance with the law, we affirm.

COSTS

No costs.